WILLIAM RUDOLPH, APPELLANT, v. E. F. DAVIS ET AL., APPELLEES.

[FILED JULY 1, 1892.]

Review.    Where the testimony is conflicting and does not preponderate in favor of either party to such an extent as to show that it is clearly wrong, the judgment will not be set aside.

APPEAL from the district court for Gage county.    Heard below before BROADY, J.

*A. D. McCandless,* for appellant.

*Pemberton & Bush, contra.*

MAXWELL, CH. J.

This action was brought in the district court of Gage county to enjoin the sheriff of that county from selling certain real estate. The plaintiff alleges in his petition "that on the 8th day of November, 1887, the defendant Julius Kuhn obtained a judgment against one Philip Hornberg before H. G. Mecklin, a justice of the peace in and for Gage county, for $134.80 and the costs therein taxed at $6.25; that on the 21st day of November said Philip Hornberg filed a stay bond in said action, with one I. O. Martin as surety, and which said stay was filed and approved by said justice with knowledge and consent of the attorney for said Julius Kuhn, for the purpose of staying said judgment for three months.

"Second—On or about the 21st day of February, 1888, and at the date of the expiration of said stay, said Philip Hornberg paid said judgment to the attorney of said Julius Kuhn, who received the same and then and there agreed to cancel and satisfy said judgment.

"Third—On the 3d day of March, 1888, notwithstanding said judgment was fully paid, the said Julius Kuhn caused a transcript thereof to be made and filed with the clerk of the district court of Gage county, Nebraska, and on or about the 2d day of August, 1889, said Julius Kuhn caused an execution to be issued on said judgment and levied upon the following described real estate in Gage county, viz.: The southwest quarter of the southeast quarter of section 33, in town 1, range 7 east, and the northeast quarter of the northeast quarter of section 1, town 1, range 6 east; and the defendant E. F. Davis, sheriff as aforesaid, is proceeding to sell said real estate and has advertised the same for sale on the 7th day of September, 1889, under said execution, and will sell said land, unless restrained by this court.

"Fourth—That on the 26th day of February, 1889,

this plaintiff purchased said land from Philip Hornberg, for value, and took a deed therefor, and is now the owner thereof, and said judgment is a cloud upon plaintiff's title, and the said sale under said execution, if not restrained by this court, will create a cloud on plaintiff's title to said land.

"Fifth—That at the time plaintiff purchased said land said judgment, and all costs made thereon, had been fully paid to the said Julius Kuhn.

"Sixth—Plaintiff has no adequate remedy at law to protect his property from this judgment."

The answer is a general denial.

On the trial of the cause the court found the issues in favor of the defendants and dismissed the action.

The questions presented to this court are whether or not the finding and judgment are against the weight of evidence. It is unnecessary to review the testimony at length. It is sufficient to say that it is conflicting and turns upon the credibility of the witnesses. If the testimony of Philip Hornberg is true, he has been greatly wronged. According to his statements he nearly paid the debt in full and then permitted a judgment to be taken against him for $135. He is corroborated to some extent, but his testimony fails to reach that degree of certainty to show that the judgment in this case is clearly wrong. The judgment must therefore be

AFFIRMED.

THE other judges concur.